UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS - 6**

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05386-RGK-JPR | Date | September 23, 2021 |
|---|---|---|---|
| Title | *Ragged Point Inn v. State National Insurance Company* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Plaintiff's Motion to Remand [DE 19] and Defendant's Motion to Dismiss [DE 28]**

## I. INTRODUCTION

On June 8, 2021, Ragged Point Inn ("Plaintiff") filed a Complaint in California state court seeking a declaratory judgment that State National Insurance Company ("Defendant") is required to cover Plaintiff's COVID-19 related losses of income under its insurance policy. Defendant timely removed the case to federal court. After amending the Complaint ("FAC"), Plaintiff moved to remand. Defendant then moved to dismiss.

Presently before the Court is Plaintiff's Motion to Remand, and Defendant's Motion to Dismiss for Failure to State a Claim. For the following reasons, the Court **DENIES** Plaintiff's Motion and **GRANTS** Defendant's Motion.

## II. FACTUAL BACKGROUND

Plaintiff does business as a hotel, restaurant, gift shop, sandwich stand, coffee bar, mini-mart, and gas station in San Luis Obispo, California. Plaintiff purchased an "all-risk" insurance policy (the "Policy") from Defendant, effective June 1, 2019 through June 1, 2020.

In March 2020, the Governor of California and the Emergency Services Director of San Luis Obispo County ordered all non-essential businesses to close due to the COVID-19 pandemic. Plaintiff alleges that effective March 19, 2020, Plaintiff had to shut down operations and engage in extra cleaning to control and remove the virus from the property.

Plaintiff submitted financial information to Defendant as part of Plaintiff's application for insurance for the policy period 2021-2022. In this financial information, Plaintiff reported losses in income for Policy years 2019-2020 and 2020-2021 totaling $3,122,000 and $2,370,000 respectively. (Weilenmann Decl. 2–3, ECF No. 26.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05386-RGK-JPR | Date | September 23, 2021 |
|---|---|---|---|
| Title | *Ragged Point Inn v. State National Insurance Company* | | |

Plaintiff alleges that because of the COVID-19 pandemic and associated State and County orders, Plaintiff incurred and continues to incur substantial losses of business income and additional expenses. Plaintiff underscores that the Policy covers these losses, citing three of its Policy's Provisions: Business Income Provision, Extra Expense Provision, and Civil Authority Provision.

First, the "Business Income Provision" provides that "[Defendant] will pay for the actual loss of Business Income [Plaintiff] sustain[s] due to the necessary suspension of [its] operations during the period of restoration." (Hayes Decl., Ex. 1, 36, ECF No. 28.) The suspension must be caused by "direct physical loss of or damage to property at the premises. . . caused by or resulting from any covered cause of loss." (internal quotations omitted). (*Id.*) The Policy defines "Business Income" as "the net income that would have been earned or incurred and continuing normal operating expenses incurred, including payroll." (*Id.*) The "Period of Restoration" is defined as "the period that begins with the date of direct physical loss or damage and ends when the property should be repaired, rebuilt, or replaced." (*Id.* at 42.) Plaintiff's Policy also lists several exclusions to coverage, including "delay, loss of use or loss of market." (*Id.* at 43.)

Second, the "Extra Expense Provision" provides that "[Defendant] will pay any Extra Expense to avoid or minimize the suspension of business and to continue operations" (*Id.* at 36) (internal quotations omitted). The Policy defines an Extra Expense as "necessary expenses that [Plaintiff] would have incurred if there had been no direct physical loss or damage to property caused by or resulting from a covered cause of loss." (*Id.*)

Finally, the "Civil Authority Provision" provides that "[Defendant] will pay for the actual loss of Business Income [Plaintiff] sustain[s] and necessary Extra Expense caused by action of civil authority that prohibits access to the described premises due to direct physical loss of or damage to property other than at the described premises . . . ." (*Id.* at 37.)

On March 29, Plaintiff submitted an insurance claim to Defendant for losses resulting from the closure. On April 2, 2020, Defendant denied Plaintiff's claim. Plaintiff now seeks a declaratory judgment that the Policy covers Plaintiff's COVID-19 related losses.

### III. JUDICIAL STANDARD

#### A. Motion to Remand

Removal jurisdiction is governed by statute. *See* 28 U.S.C. §§ 1441 *et seq.*; *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). Defendants may remove a case to federal court when a case originally filed in state court presents a federal question or is between citizens of different states. *See* 28 U.S.C. §§ 1441(a)-(b), 1446, 1453. Only those state court actions that originally could

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05386-RGK-JPR | Date | September 23, 2021 |
|---|---|---|---|
| Title | *Ragged Point Inn v. State National Insurance Company* | | |

have been filed in federal court may be removed. 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

A defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by 28 U.S.C. § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). If a defendant fails to meet the requisite burden of proof, a court must remand for lack of subject matter jurisdiction.

In determining the amount in controversy, the Court considers not only the facts alleged in the complaint, taken as true, to calculate the amount, but also "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

### B. Motion to Dismiss for Failure to State a Claim

Under Federal Rule of Civil Procedure ("Rule") 8(a), a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If a complaint fails to adequately state a claim for relief, the defendant may move to dismiss the claim under Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible if the plaintiff alleges enough facts to allow the court to draw a reasonable inference that the defendant is liable. *Id.* A plaintiff need not provide detailed factual allegations but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

When ruling on a 12(b)(6) motion, the court must accept the allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Dismissal is "appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05386-RGK-JPR | Date | September 23, 2021 |
|---|---|---|---|
| Title | *Ragged Point Inn v. State National Insurance Company* | | |

### IV. DISCUSSION

#### A. Motion to Remand

Plaintiff asserts that the Court lacks subject matter jurisdiction over Plaintiff's claim because the amount in controversy does not exceed $75,000.

Under 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states, and the action involves an amount in controversy that exceeds $75,000. The defendant removing the case to federal court bears the burden of establishing the jurisdictional facts: the amount in controversy and complete diversity of the parties. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 682–83 (9th Cir. 2006). When a plaintiff contests a jurisdictional fact, the defendant must establish that fact by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992) (quoting *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Defendant contends that it has met its burden of showing by a preponderance of the evidence that Plaintiff's claim exceeds $75,000 based on financial evidence Plaintiff submitted to Defendant in its insurance application. The Court agrees.

Under several theories, the amount in controversy exceeds $75,000. Plaintiff's allegations in the FAC include: (1) Plaintiff suffered losses in March, April, and May 2020 (FAC ¶ 10.); (2) along with the Business Income Loss and Extra Expense coverage, Plaintiff is entitled to Civil Authority coverage (FAC ¶¶ 22, 34.); (3) Plaintiff incurred and continues to incur a substantial loss of business income and additional expenses covered under the Policy (FAC ¶ 25.); and (4) Plaintiff reserves the right to amend the Complaint for bad faith punitive damages should evidence of bad faith arise. (FAC ¶ 19.)

Defendant provided undisputed evidence that Plaintiff reported a loss of $3,122,000 for the policy year beginning June 1, 2019 and ending June 1, 2020. (Weilenmann Decl. ¶ 4, ECF No. 26.) Defendant also provided undisputed evidence that Plaintiff suffered a loss of $2,370,000 in income for the policy year beginning June 1, 2020 and ending June 1, 2021. (*Id.* ¶ 5.) Assuming Plaintiff seeks to recover its "continued losses" from March 19, 2020, onward—as alleged in the FAC—the amount in controversy would exceed the $2,370,000 reported from June 1, 2020 through June 1, 2021 because there would be additional losses for March 19, 2020 through May 31, 2020. Since Plaintiffs losses exceed $2,370,000, under this theory, the amount in controversy is met.

Even under a theory most favorable to Plaintiffs, the FAC still alleges an amount in controversy that exceeds $75,000. Even if the Court excludes Plaintiff's allegation of "continued losses," Plaintiff's FAC still alleges that Plaintiff suffered losses for March, April, and May 2020. (FAC ¶ 10). The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05386-RGK-JPR | Date | September 23, 2021 |
|---|---|---|---|
| Title | *Ragged Point Inn v. State National Insurance Company* | | |

declaration of Plaintiff's general manager Jim Ramey supports this allegation. Ramey also asserts that March, April, and May are a part of the business' "off-season," and Plaintiff generates two-thirds of its income during the peak season. (Ramey Decl. 2, ECF No. 22.) The financial information Plaintiff submitted to Defendant in its insurance application reveals lost income totaling $2,370,000 for the pandemic year of June 1, 2020, through June 1, 2021. (Weilenmann Decl. ¶ 5.) Since the losses reflected in Plaintiff's application for these twelve months all occurred during the pandemic, this $2,370,000 amount is likely to be the more accurate reflection of pandemic related losses—and the lower number to start from, compared to the $3,122,000 losses reported for June 1, 2019, through June 1, 2020. (*Id.* ¶ 4.)

Assuming Plaintiff lost $2,370,000 over twelve months during the pandemic, and that Plaintiff generates two-thirds of its income in June, July, August, and September, then two-thirds of Plaintiff's losses total $1,580,000. (Ramey Decl. ¶ 2, ECF No. 22.) This leaves $790,000 in losses to be divided by eight months for the off-season. $790,000 divided over the eight months totals $98,750 per month. Thus, even one month of losses during the off-season exceeds $75,000.[1]

In its reply, Plaintiff provides no contrary evidence but simply retracts allegations in the FAC and claims that Plaintiff seeks only to recover for the two weeks covered under the Civil Authority Provision.

"[V]oluntary reduction of the amount demanded below the sum necessary to give the . . . court jurisdiction could not defeat that jurisdiction once removal proceedings had been perfected." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938). If the plaintiff could reduce the amount of his demand to defeat federal jurisdiction, "the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice." *Id.* It is the claim that fixes the right of the defendant to remove, and "the plaintiff ought not to be able to defeat that right and bring the cause back to the state court at his election." *Id.*

Accordingly, the allegations in the FAC control and the amount in controversy is calculated from those allegations. As discussed above, the FAC alleges an amount in controversy that more likely than not exceeds $75,000.

---

[1]   $2,370,000 (losses reported from June 2020-June 2021) ÷ 3 = $790,000. Of the total for the year, two-thirds was generated in the four-month busy season ($790,000 x 2). As for the remainder of the year (the "off" season), $790,000 ÷ 8 (number of months in the off season) = $98,750. Thus, Plaintiff lost approximately $98,750 per month during the pandemic while in the off-season.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05386-RGK-JPR | Date | September 23, 2021 |
|---|---|---|---|
| Title | *Ragged Point Inn v. State National Insurance Company* | | |

In sum, the Court finds Defendant has established that the amount in controversy exceeds $75,000 by a preponderance of the evidence. Thus, the Court has subject matter jurisdiction over Plaintiff's claim and the Court **DENIES** Plaintiff's Motion to Remand.

**B. Motion to Dismiss**

In its FAC, Plaintiff alleges that government orders issued by state and local officials in response to the COVID-19 pandemic required Plaintiff to cease business operations (FAC ¶ 10.) Plaintiff also asserts that the COVID-19 virus is a physical virus spread via globules. (*Id*.) These globules attached to surfaces causing "injury and damage" to Plaintiff's property and that Plaintiff could no longer safely use the property. (*Id*.) Plaintiff insists its lost income triggers the Business Income, Extra Expense, and Civil Authority Provisions of Plaintiff's Policy. (FAC ¶ 11.)

Defendant asserts that the Policy Provisions cited by Plaintiff all contain identical language limiting coverage to "direct physical loss of or damage to" property. *See* (Hayes Decl, Ex. 1, 36, 37, ECF No. 28.) Defendant also argues that Plaintiff has failed to allege "direct physical loss of or damage to" Plaintiff's property because the "presence of COVID-19" did not cause damage requiring repair, rebuilding, or replacing. Thus, Defendant contends Plaintiff has failed to state a claim upon which relief can be granted. The Court agrees.

Under California law, a "distinct, demonstrable, physical alteration" of property is the benchmark for triggering coverage under provisions such as those Plaintiff cites. *MRI Healthcare Ctr. of Glendale, Inc. v. State Farm Gen. Ins. Co.*, 187 Cal. App. 4th 766, 779 (2010). Thus, a "detrimental economic impact" alone, will generally not suffice. Several courts in this jurisdiction have recently considered whether the COVID-19 virus and related state and county orders can form the basis for recovery under such provisions. The consensus among these courts is that where an insurance policy preconditions coverage on a "direct physical loss of or damage to" property, economic business impairments caused by COVID-19 and related safety orders do not fall within the scope of coverage. *See 10E, LLC v. Travelers Indem. Co. of Conn.*, 483 F. Supp. 3d 828, 835–36 (C.D. Cal. 2020); *Mark's Engine Co. No. 28 Rest., LLC v. Travelers Indem. Co. of Conn.*, No. 2:20-cv-04423-AB (SKx), 2020 WL 5938689, at *4 (C.D. Cal. Oct. 2, 2020); *W. Coast Hotel Mgmt., LLC v. Berkshire Hathaway Guard Ins. Cos.*, No. 2:20-cv-05663-VAP (DFMx), 2020 WL 6440037, at *4–7 (C.D. Cal. Oct 27, 2020).

This Court finds those holdings well-reasoned and logically sound. The general rationale underlying these courts' holdings is the well-established principle that, when interpreting a policy provision, the terms must be given their ordinary and popular usage unless the parties used the terms in a technical sense or gave them special meaning. *See e.g.*, *10E*, 483 F. Supp.3d at 835-36. Here, similar to the facts in the other COVID-19 related cases decided in this district, the losses from the inability to use the property do not amount to "direct physical loss of or damage to property" within that Policy Provision's ordinary and popular meaning. Nor can Plaintiff "recover by attempting to artfully plead

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05386-RGK-JPR | Date | September 23, 2021 |
|---|---|---|---|
| Title | *Ragged Point Inn v. State National Insurance Company* | | |

temporary impairment to economically valuable use of property as physical loss or damage." *10E*, 483 F. Supp. 3d at 836. Moreover, the Policy here expressly excludes "loss of use" under the Business Income Provision exclusions. (Hayes Decl., Ex. 1, 43.)

Even if the Court assumed that a loss of use because of COVID-19 could be a "direct physical loss of or damage to" property—which it cannot—Plaintiff has still failed to allege other essential elements required under these Provisions. The Business Income and Extra Expense Provisions also limit coverage to the "period of restoration." (*Id.* at 36.) The "period of restoration" is defined as "the period that begins with the date of direct physical loss or damage and ends when the property should be repaired, rebuilt, or replaced." (*Id.* at 42.) In the FAC, Plaintiff concedes that the "direct changes" the virus caused merely required extra cleaning. (FAC ¶ 10.) Plaintiff has failed to allege that it suffered losses during any period of restoration because Plaintiff has not alleged that repair, rebuilding, or replacement was necessary. Since there is no "period of restoration" for coverage to apply to, there is no coverage.

Additionally, the Civil Authority Provision provides that coverage extends to "actual loss of Business Income [Plaintiff] sustain[s] and necessary extra expense caused by action of civil authority that prohibits access to the described premises due to direct loss of or damage to property, *other than the described premises* . . .." (Hayes Decl., Ex. 1, 37.) (emphasis added). Nowhere does Plaintiff allege the government's orders resulted from "physical loss of or damage to" any property not covered directly by the Policy. Thus, Plaintiff has failed to allege coverage under the Civil Authority Provision.

To summarize, Plaintiff has failed to state a claim upon which relief can be granted. The allegations in Plaintiffs FAC fail to allege coverage under the Business Income Provision, Extra Expense Provision, and Civil Authority Provision because Plaintiff has failed to allege "direct loss of or damage to" Plaintiff's property sufficient to trigger these Provisions. Plaintiff has also failed to allege the existence of other essential elements required to trigger coverage under the Policy: a "period of restoration" under the Business Income and Extra Expense Provisions, and damage to property "other than the described premises" under the Civil Authority Provision. Thus, the Court **GRANTS** Defendant's Motion to Dismiss.

### V. <u>CONCLUSION</u>

For these reasons, the Court **DENIES** Plaintiff's Motion to Remand and **GRANTS** Defendant's Motion to Dismiss.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-05386-RGK-JPR | Date | September 23, 2021 |
|---|---|---|---|
| Title | *Ragged Point Inn v. State National Insurance Company* | | |

                                                                    _____ : _____

                                    Initials of Preparer             _____